STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
January 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROY PERRY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0147** (BOR Appeal No. 2048686)
                    (Claim No. 2011000535)

**NEWHALL CONTRACTING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roy Perry, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Newhall Contracting, Inc., by Daniel G. Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 27, 2014, in which the Board affirmed a July 10, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 26, 2012, decision denying a request for lumbar injections. The Office of Judges also affirmed the claims administrator's December 20, 2011, decision granting Mr. Perry a 7% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Perry worked for Newhall Contracting, Inc., as a scoop operator. On June 24, 2010, Mr. Perry injured his back lifting a cable and a bag of rock dust. He was initially treated for a lumbar sprain, but an MRI was taken over a month after the injury which revealed a tiny central disc protrusion on the left side of the L5-S1 disc. Mr. Perry then came under the care of Sai Gutti, M.D., who found that Mr. Perry had pain, tingling, and numbness in his left leg. Dr. Gutti had an electromyography (EMG) and nerve conduction study taken of Mr. Perry's lower

1

extremities which revealed left side S1 radiculopathy. Dr. Gutti also requested authorization for lumbar injections to treat Mr. Perry's continuing lumbar pain and radiculopathy. Prasadarao B. Mukkamala, M.D., then evaluated Mr. Perry and found that he had reached his maximum degree of medical improvement. Dr. Mukkamala found that there was no causal relationship between the compensable injury and Mr. Perry's ongoing symptoms. Dr. Mukkamala determined that Mr. Perry had 2% impairment for loss of range of motion in the lumbar spine and 5% impairment for his specific spine disorder under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Mukkamala found that Mr. Perry's condition fit within Lumbar Category II of West Virginia Code of State Rules § 85-20-C (2006) and that no adjustment of the 7% impairment rating was needed. On December 20, 2011, the claims administrator granted Mr. Perry a 7% permanent partial disability award based on Dr. Mukkamala's recommendation. On April 26, 2012, the claims administrator also denied Dr. Gutti's request for lumbar injections.

On the same day, the Office of Judges reversed a separate decision of the claims administrator and added the diagnoses of left paracentral disc protrusion at L5-S1, left S1 radiculopathy, and sacroiliitis as compensable conditions of the claim. Bruce A. Guberman, M.D., then evaluated Mr. Perry and determined that he had reached his maximum degree of medical improvement. Dr. Guberman also determined that Mr. Perry had 7% impairment for his disc protrusion and 9% impairment for loss of range of motion in the lumbar spine. Dr. Guberman further found 3% impairment for motor and sensory abnormalities. He combined these ratings for a total of 18% impairment under the American Medical Association's *Guides*. Dr. Guberman then adjusted this rating to 13% impairment to fit within Lumbar Category III of West Virginia Code of State Rules § 85-20-C. He stated that Mr. Perry had right side radiculopathy which entitled him to an impairment rating within Lumbar Category III. Chaunfang Jin, M.D., also evaluated Mr. Perry. She determined that Mr. Perry had reached his maximum degree of medical improvement and found that he had 5% impairment under the American Medical Association's *Guides*. Dr. Jin found that Mr. Perry's current complaints of right side radiculopathy were not consistent with the objective evidence in the record and that his condition fit within Lumbar Category II of West Virginia Code of State Rules § 85-20-C. Dr. Jin determined that no adjustment of her 5% impairment recommendation was needed. On July 10, 2013, the Office of Judges affirmed the claims administrator's December 20, 2011, and April 26, 2012, decisions. The Board of Review affirmed the Office of Judges' Order on January 27, 2014, leading Mr. Perry to appeal.

The Office of Judges concluded that Mr. Perry did not show that he was entitled to more than a 7% permanent partial disability award under this claim. In reaching this conclusion, the Office of Judges relied on the evaluations of Dr. Mukkamala and Dr. Jin, who both placed Mr. Perry under Lumbar Category II of West Virginia Code of State Rules § 85-20-C. The Office of Judges also considered the evaluation of Dr. Guberman, but it determined that his impairment recommendation was not supported by the evidence in the record. The Office of Judges determined that Dr. Guberman's finding of right side radiculopathy was not consistent with the electrodiagnostic evidence in the record, which revealed left side radiculopathy, and the MRI in the record, which revealed a left side disc protrusion. The Office of Judges also concluded that Mr. Perry did not show that the requested lumbar injections were reasonably required in relation

2

to his compensable injury. The Office of Judges noted that Dr. Mukkamala, Dr. Jin, and Dr. Guberman all found that Mr. Perry had reached his maximum degree of medical improvement and did not need any additional treatment for his compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the decision of the Board of Review insofar as it affirmed the denial of Dr. Gutti's request for lumbar injections. Mr. Perry has not demonstrated that the requested injections are medically related or reasonably required to treat his compensable injury. The denial of lumbar injections was consistent with the evidence in the record. Dr. Mukkamala, Dr. Guberman, and Dr. Jin each found that Mr. Perry had reached his maximum degree of medical improvement. Each evaluator also found that he had no further need for treatment related to his compensable injury. Mr. Perry has not provided sufficient evidence in support of authorizing the requested injections.

However, the decision of the Board of Review, insofar as it affirmed Mr. Perry's 7% permanent partial disability award, is based on a material misstatement or mischaracterization of the evidentiary record. Mr. Perry has demonstrated that he is entitled to a 13% permanent partial disability award to fully compensate him for the impairment related to his lumbar injury. The Office of Judges' reliance on the evaluations of Dr. Mukkamala and Dr. Jin was not consistent with the clear evidence of Mr. Perry's lower extremity radiculopathy and L5-S1 disc protrusion. Both diagnoses have been added as compensable conditions of the claim. There is also significant evidence, including the treatment notes of Dr. Gutti as well as MRI and EMG testing, showing that Mr. Perry suffers continuing disability related to these conditions. Dr. Mukkamala's and Dr. Jin's impairment recommendations do not take these compensable conditions into account, and the Office of Judges should not have relied on their opinions. Dr. Guberman provided the only impairment assessment in the record which accounted for Mr. Perry's compensable radiculopathy and disc protrusion. He specifically granted Mr. Perry an impairment rating for the disc protrusion under the American Medical Association's *Guides*, and his adjustment of the impairment recommendation to fit within Lumbar Category III of West Virginia Code of State Rules § 85-20-C was based on his finding of radiculopathy.

For the foregoing reasons, we find that the decision of the Board of Review, insofar as it denied Mr. Perry's request for lumbar injections, is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. We find that the decision of the Board of Review, insofar as it granted Mr. Perry a 7% permanent partial disability award, is based on a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed with respect to the denial of lumbar injections. The decision of the Board of Review with respect to Mr. Perry's permanent partial disability award is reversed and remanded with instructions to grant Mr. Perry a total of a 13% permanent partial disability award based on Dr. Guberman's evaluation.

Affirmed, in part, and Reversed and Remanded, in part.

**ISSUED: January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Brent D. Benjamin votes to affirm the Board of Review's decision. He therefore concurs with the majority with respect to the denial of the request for lumbar injections and dissents with respect to the grant of a 13% permanent partial disability award.